## No. 16,100.

### INDUSTRIAL COMMISSION v. PACIFIC EMPLOYERS INSURANCE COMPANY ET AL.

(197 P. [2d] 157)

Decided August 23, 1948.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, for plaintiff in error.

Messrs. WOLVINGTON & WORMWOOD, for defendants in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

James H. Stevenson was awarded compensation for inguinal hernia by the Industrial Commission, as a result of injury incurred while employed by Granby Constructors. The award was vacated by the district court.

Stevenson testified that in the course of his employment, on December 16th, 1947, he engaged in lifting a heavy object; that two or three days later he happened to be in the shower room taking a shower, noticed some swelling and wondered what it was; that he had never noticed it before; that it could have been possible it was there but he had not noticed it; that as soon as he noticed it he informed his employer who sent him to a doctor. The doctor reported examination on December 20, with a finding of inguinal hernia, and recommended surgical repair.

■ Section 80 of the Workmen's Compensation Act, being section 359, chapter 97, '35 C.S.A., provides that, "An employee in order to be entitled to compensation for hernia must clearly prove: first, that its appearance was accompanied by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment."

■ "The Workmen's Compensation Act is highly remedial, beneficent in purpose, and should be given a liberal construction, so as to accomplish the evident intent and purpose of the act." The unusual provision concerning hernia should also be given a liberal construction. *Central Surety & Ins. Corp. v. Industrial Com.*, 84 Colo. 481, 271 Pac. 617. However, by such construction we must not delete the limitation from the statute, altogether. It is for the legislature, and not for us, to determine the conditions requisite for recovery. Its judgment, not ours, must control.

■ The employee, in both his statement and his testimony, specifically states that he suffered no pain either after the strain or upon the appearance of the hernia.

In his signed statement made four days after the injury and filed with the report to the commission, there is no qualification whatever to that statement. He there said, "I felt no pain at the time and did not notice a swelling until about three or four days after the accident occurred. As soon as I noticed the swelling I went to my employer who sent me to Doctor Ness for examination." In his testimony before the commission he stated repeatedly that he felt no pain, that he did not feel anything, but "just felt sick," "sick at my stomach all during that day, like all the energy had left me, like you feel when you have the grippe," but that he went ahead with his work and felt no pain until within two weeks before the hearing on February 18th; that he had felt sick at different times when he had done some lifting. Whether the hernia first appeared on December 20th, when first observed by him, or before that date, cannot be determined, as there was no pain nor soreness to call it to claimant's attention. This evidence is indubitably not the clear proof of pain required by the statute, and the trial court properly determined that there was no substantial evidence to support the finding of the commission.

The judgment is affirmed.

MR. JUSTICE HILLIARD not participating.